PENTER, APPELLANT, *v.* SCHWARTZ, APPELLEE.

(No. 7060—Decided February 21, 1949.)

*Mr. Leonard H. Freiberg,* for appellant.
*Messrs. Pogue, Helmholz, Culbertson & French,* for
appellee.

BY THE COURT.   The trial court instructed a verdict
for the defendant at the close of plaintiff's case, in an
action for damages for personal injuries growing out
of an automobile collision.   The appeal is here on ques-
tions of law.

The petition alleges that on June 17, 1947, at ap-
proximately 11 p. m., plaintiff was driving his auto-
mobile in a northerly direction on Colerain pike in
Hamilton county, Ohio; and that a dump truck owned
by defendant was backed by the defendant out of a
private driveway on the east side of the highway, on-
to the paved portion thereof, whereupon the automo-
bile of plaintiff collided with the truck of the defend-
ant causing the damages as alleged in the petition.

Plaintiff makes three assignments of negligence, to
wit:

"1. Defendant negligently and carelessly operated
his motor vehicle into and upon the highway without
due regard for the safety and rights of the plaintiff
and in such manner that he did endanger the life and
property of the plaintiff while plaintiff was in lawful
use of the highway.

"2. Defendant backed his motor vehicle upon the highway without giving warning and exercising vigilance, all in violation of the statutes of the state of Ohio made and provided in such cases.

"3. Defendant failed to have upon his motor vehicle and in operation the lamps and reflectors required by the laws of Ohio and by regulations made pursuant to laws."

Defendant, in a first defense in the answer, admits plaintiff was driving along the highway at the time and place alleged. Defendant specifically denies that a dump truck owned by him was backed out of a private driveway lying to the east of the highway, and that he backed from a driveway at all, but admits that a car driven by plaintiff collided with a truck belonging to defendant, which defendant says was parked at the easterly side of Colerain pike at the time it was struck by the car operated by plaintiff.

The second defense in the answer charges plaintiff with contributory negligence.

Plaintiff himself was the only witness to testify concerning the collision, and, after describing the night as misty with a fine rain, but not foggy, and that he was driving at about 30 miles per hour, with his lights on low beam, with which he was able to see approximately 150 feet ahead, he testified:

"Q. What if anything did you see in front of you? A. There was nothing on the road. The only thing I noticed was the headlight on the garage door. * * *

"Q. Now what did you next remember when you got to Round Top road, or next to the school there? A. There was nothing on the road that I seen at all.

"Q. Where were you looking? A. Straight ahead.

"Q. You saw nothing? A. Nothing.

"Q. What did you next remember? A. I woke up in the hospital. * * *

"Q. Now from the time you reached the crest of the hill you had the road all to yourself? A. Yes.

"Q. There was no traffic moving in front of you, there was no traffic coming from the opposite direction, was there? A. No, sir.

"Q. There was nothing coming on the west side of the highway at all, was there? A. No, sir.

"Q. That is, there were no lights of vehicles coming in your direction at all? A. No, sir.

"Q. Now, you didn't—Well, you didn't know what happened to you out there, did you; that is, you don't know of your own knowledge what happened to you? A. I don't know what hit me; no, sir.

"Q. You don't know what hit you, do you? A. No, sir.

"Q. You didn't see anything, did you? A. Just that light, as I told you.

"Q. A light that you saw over on the garage? A. About two hundred feet from there.

"Q. But you saw nothing in the highway? A. Not a thing, sir.

"Q. Or at the side of the highway? A. Not a thing.

"Q. And you didn't see anything at any time before a collision occurred, isn't that right? A. There was nothing on the road at all.

"Q. You saw no substantial object in the highway? A. No, sir.

"Q. You didn't see a car in the ditch at the west side of the road, did you? A. No, sir, I didn't.

"Q. In fact you proceeded along there on that highway as if it were absolutely cleared, didn't you? A. It was clear, sir.

"Q. When I say you proceeded along there as if the road were clear, didn't you? A. Yes, sir.

"Q. In other words, you did nothing, took no action

to avoid a collision, did you? A. There was nothing there to cause a collision.

"Q. Will you answer my question? A. Just like I told you before, I seen the lights. I eased up. I lifted my foot off the accelerator.

"Q. Further than that you took no action whatever to avoid a collision with anything, did you? A. No, sir. * * *

"Q. And, now, did you see anyone in the highway? A. No, sir.

"Q. You don't know whether Mr. Schwartz was in the highway or not, do you? A. No, sir, I didn't see anybody. Nothing was in front of me. * * *

"Q. What was the time from the time that you first saw the lights until you reached the point in the road opposite where the lights were? * * * A. A few, maybe two or three; I don't know. * * *

"Q. In other words, you ran a distance of two hundred feet in two or three seconds, is that your answer? A. I don't know the exact. I couldn't say exact number; but shortly after I seen that the next I knew I was in the hospital. * * *

"Q. Now, Mr. Penter, in your petition you say that, 'Defendant negligently and carelessly operated his motor vehicle into and upon the highway without due regard for the safety and rights of the plaintiff and in such manner that he did endanger the life and property of the plaintiff while plaintiff was in lawful use of the highway.' You don't know that of your own knowledge, do you? A. No, sir.

"Q. When you say that the defendant backed his motor vehicle upon the highway without giving warning, you don't know that of your own knowledge, do you? A. No, sir. There was nothing else there.

"Q. Now you say that the defendant failed to have

upon his motor vehicle and in operation the lamps and reflectors required by the laws of Ohio. You don't know that of your own knowledge? A. There was no light.

"Q. But you didn't know what was there, did you? A. There was nothing there."

In addition, plaintiff introduced into evidence photographs of five different views of his 1937 Chevrolet coach automobile, all showing considerable damage on the right side to the rear of the single door, with no appreciable damage forward, although a direct front view is not shown.

Plaintiff testified merely that these were pictures of his car after the accident, and, on cross-examination, stated they were taken at his brother's place in November following the accident in June. The pictures reveal considerable snow on the ground, both front wheels without tires, but there is no further explanatory testimony of the pictures in the record.

Plaintiff called three other witnesses, none of whom witnessed the accident nor offered any probative evidence concerning it.

Plaintiff's contention is that, indulging every reasonable inference arising from plaintiff's own testimony, together with all other evidence and circumstances, he is entitled to an inference from his testimony that, because he was looking straight ahead and saw nothing, no discernible object was there, and from the pictures locating the damage to the right rear of his automobile, to the further inferences that the truck backed out of the driveway into plaintiff's car, and, because of defendant's admission of ownership of a truck with which plaintiff collided, that defendant is responsible in damages.

With this contention, this court cannot agree.

The burden is on the plaintiff to produce some evi-

dence upon every element essential to establish liability or produce evidence of a fact upon which a reasonable inference may be predicated to support such element.

There is a complete absence here of any evidence tending to establish liability on the part of the defendant.

The admission of ownership on the part of defendant of the truck with which plaintiff collided, contained in the answer, is insufficient to cure such absence of evidence.

There is no proof in this record at all as to who was the operator of the truck, if any, at the time. Mere proof of or the admission of ownership alone is not sufficient to sustain an inference of all the elements necessary to establish liability.

In *Halkias* v. *Wilkoff Co.,* 141 Ohio St., 139, 47 N. E. (2d), 199, the first paragraph of the syllabus states:

"Mere proof of ownership of an instrumentality is not sufficient to raise an inference that a person operating it is in the owner's employ for that purpose, and as such is, at any specific time, acting within the scope of his authority. To raise such an inference it must be shown, in addition to such ownership, not only that the operator is an employee of the owner but that he is employed generally in the business of his employer to operate such instrumentality."

In *White Oak Coal Co.* v. *Rivoux, Admx.,* 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A. (N. S.), 1091, Ann. Cas. 1914C, 1082, it is stated in paragraph two of the syllabus:

"The facts that the automobile was owned by the defendant and that the same was negligently operated by an employee do not make a prima facie case of negligence against the owner, unless it appears that the

employee was driving the automobile with authority, express or implied, of the owner.''

The record here not only fails to connect the defendant with the operation of the truck, but the plaintiff himself testified that he did not know of his own knowledge anything about the specifications of negligence set forth in his petition.

Except for the admission of ownership in the answer, there was no evidence by whom or in whose behalf the truck was operated, if being operated at the time.

It, therefore, appears that the reasoning set forth in *Sobolovitz* v. *Lubric Oil Co.*, 107 Ohio St., 204, 140 N. E., 634, is applicable here. The syllabus of that case is:

''1. To entitle the plaintiff in a personal injury suit to have his case submitted to a jury, it is necessary that he produce some evidence upon every element essential to create liability, or produce evidence of a fact upon which a reasonable inference may be predicated to support such element.

''2. An inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence.

''3. Where the plaintiff fails to produce any evidence upon an essential element of his case and no reasonable inference can be drawn from a fact supported by evidence which would tend to prove such element, it is error for the court to submit the case to a jury.''

The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur in the opinion and judgment.