Appellant Roland Gerrick appeals the decision of the Stark County Court of Common Pleas that denied his motion for directed verdict concerning medical expenses incurred by his daughter Desiree Gerrick as a result of an automobile accident. The following facts give rise to this appeal. On July 28, 1997, appellant's daughter, Desiree Gerrick, was involved in a rear-end collision. Immediately following the accident, Ms. Gerrick was examined at the local emergency room. The following day, Ms. Gerrick was also examined by her personal physician, Dr. Tereletsky. A couple days later, Ms. Gerrick visited Dr. Tereletsky again, this time complaining of lower back pain. Dr. Tereletsky's examination revealed no objective signs of injury. However, Dr. Tereletsky diagnosed appellant with muscle strain. Several weeks later, Dr. Tereletsky examined Ms. Gerrick and found normal range of motion in her low back without any complaints of pain or tenderness. In September 1997, Ms. Gerrick visited Dr. Tereletsky complaining of low back pain after marching in her high school band. Ms. Gerrick visited Dr. Tereletsky again in October 1997 and voiced no complaints about any pain in her low back. Due to low back pain, in January 1998, Ms. Gerrick went to see an orthopedist, Dr. Hill. Dr. Hill found no problems with Ms. Gerrick's low back, but referred her to a chiropractor, Dr. Leone, for four weeks of exercises. Following the four weeks of exercises, Ms. Gerrick again visited Dr. Hill. Ms. Gerrick reported that she was doing well, with much improvement and no pain, except for occasional stiffness in her low back. Dr. Hill discharged Ms. Gerrick from his care. However, Ms. Gerrick continued to visit Dr. Leone for a total of sixty visits. Dr. Leone charged appellant $11,532.48 for his services. Thereafter, appellant filed this lawsuit on July 26, 1999. Appellee stipulated to negligence. This matter proceeded to trial on April 10, 2000. Appellant presented evidence of medical expenses, as well as expert testimony from two physicians, with regard to causation, reasonableness, necessity and fairness of the expenses for treatment received by Ms. Gerrick. Prior to instructing the jury, appellant moved for a directed verdict for the medical expenses. The trial court overruled appellant's motion. Following deliberations, the jury returned a verdict awarding medical expenses in the amount of $5,813. The jury also awarded $10,000 to Ms. Gerrick. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR DIRECTED VERDICT, PURSUANT TO THE REQUIREMENTS OF RULE 50(4) OF THE OHIO RULES OF CIVIL PROCEDURE.
 II. THE JURY'S VERDICT, WITH REGARD TO DAMAGES FOR THE APPELLANT'S MEDICAL EXPENSES, WAS INADEQUATE AS A MATTER OF LAW AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In her First Assignment of Error, appellant contends the trial court erred when it denied her motion for directed verdict concerning medical expenses Ms. Gerrick incurred as a result of the automobile accident. We disagree. Civ.R. 50(A)(4) addresses a directed verdict when granted on the evidence and provides: When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A trial court does not weigh the evidence nor question the credibility of witnesses when considering a motion for directed verdict. Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66; Blair v. Property Mgmt. Consultants (1987), 40 Ohio App.3d 103. The trial court must determine whether there exists "* * * probative evidence which, if believed, would permit reasonable minds to come to different conclusions as to the essential issue of the case." Sanek v. Duracote Corp. (1989),43 Ohio St.3d 169, 172. In order to defeat a motion for directed verdict, the non-moving party must produce some evidence on each essential element of the claim or "* * * produce evidence of a fact upon which a reasonable inference may be predicated to support such element." Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285, citing Penter v. Schwartz (1949), 85 Ohio App. 477, 481-482. It is based on this standard that we review appellant's assignment of error. In his First Assignment of Error, appellant essentially argues that a jury is required, as a matter of law, to accept an expert's opinion testimony unless the other party offers contrary expert testimony. Appellant also maintains that it is not possible for reasonable minds to differ on this issue because the evidence is prima facie proof of the necessary medical expenses. We do not agree with appellant's first argument that appellee was required to present contrary expert testimony to refute his claim of necessary medical expenses. A jury is free to accept or reject any or all of the testimony of any witness, including testimony of an expert witness. Weidner v. Blazic (1994), 98 Ohio App.3d 321, 335. Further, even when the evidence is undisputed, the jury possesses the inherent right to reject the evidence presented. Krauss v. Kilgore (July 27, 1998), Butler App. No. CA-97-05-099, unreported, at 15, citing Lantham v. Wilson (Aug. 12, 1991), Madison App. No. CA90-11-024, unreported. This court has previously rejected such a view in the case of Parsons v. Kelley (Aug. 23, 1999), Delaware App. No. 98CAE10052, unreported. In Parsons, we cited the case of Werth v. Davies (1997), 120 Ohio App.3d 563, which held: * * * [A] defendant is not obligated to put on testimony about the cause of an injury or to provide an alternative theory about causation. Defendants can avoid a directed verdict on this subject through cross-examination, presentation of contrary evidence that the negligence was not the probable cause of the injury, or presenting evidence of alternative causes of the injury. Stinson v. England (1994), 69 Ohio St.3d 451, 456-457,633 N.E.2d 532, 538. Id. at 569.
Accordingly, the fact that appellee did not present expert testimony to rebut the testimony of appellant's two experts, regarding the medical expenses, does not entitle appellant to a directed verdict. In his second argument, appellant maintains that it is not possible for reasonable minds to differ on the issue of medical expenses because the evidence is prima facie proof of the necessity of these expenses. We disagree with this argument for the reason explained in Muncy v. Jones (Jan. 19, 1984), Franklin App. No. 83AP-562, unreported. In addressing a similar argument, the court in Muncy explained: In order for the medical bills to be the subject of compensatory damages, plaintiffs were required to establish a causal connection between defendant's negligence and the expenses, and expert testimony was required to establish the necessity of the treatment which resulted in the billings. On the other hand, simply because plaintiff's expert testified that the billings were necessitated by the accident, they are not automatically entitled to prevail on the question of necessity, even where their expert's testimony on that point is not directly controverted by defendant's evidence, so long as there appear in the record objectively discernible reasons upon which the jury could rely to reject the expert's opinion testimony. [Citation omitted.] Id. at 3.
In the case sub judice, we find objectively discernible reasons, in the record, upon which the jury could have relied on to reject the experts' opinion testimony. Most importantly, the jury could have rejected the experts' opinion due to the timing of the visits and the frequency of the visits. The record indicates that Dr. Hill, an orthopedist, referred Ms. Gerrick to the chiropractor for only two visits per week for a total of four weeks. At the conclusion of her four weeks of chiropractic treatment, Dr. Hill noted that Ms. Gerrick was doing quite well, with much improvement and no pain except for occasional stiffness. Tr. Vol. I at 132. Dr. Hill did not recommend that Ms. Gerrick continue treatment with the chiropractor. Second, Ms. Gerrick did not begin her chiropractic treatments until February 1998, more than six months after she allegedly suffered the muscle strain in her low back. Thus, the jury had to determine whether the visits to the chiropractor were accident-related. Further, Dr. Tereletsky reported on August 22, 1997, that within one month of the accident, Ms. Gerrick had normal range of motion in her low back without any pain or tenderness. Tr. Vol. II at 55-56. Finally, appellant's experts admitted that as to the issue of causation, their opinions were not based on objective findings but rather their own personal evaluation as to Ms. Gerrick's truthfulness. Clearly, these three objectively discernible reasons, in the record, are sufficient to support the jury's decision to reject the testimony of appellant's two experts. Accordingly, we conclude the trial court did not err when it denied appellant's motion for directed verdict as to medical expenses. Appellant's First Assignment of Error is overruled.
 II
Appellant contends, in her Second Assignment of Error, that the jury's verdict, with regard to damages for Ms. Gerrick's medical expenses, was inadequate as a matter of law and against the manifest weight of the evidence. We disagree. In determining whether an award of damages is sustained by the weight of the evidence, a reviewing court must determine if the award resulted from the jury's failure to consider an element of damages that was established by uncontroverted evidence. Dillon v. Bundy (1992), 72 Ohio App.3d 767, 773. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. We note that damage awards in personal injury actions are particularly within the province of the jury and neither a reviewing court nor a trial court can substitute its judgment for that of the jury. Litchfield v. Morris (1985), 25 Ohio App.3d 42, 44. In the case sub judice, the record indicates that appellant never requested jury interrogatories. Appellant could have requested such interrogatories pursuant to Civ.R. 49(B). Without jury interrogatories, as a reviewing court we cannot determine what evidence the jury ultimately rejected or accepted in reaching its verdict. See Krauss v. Kilgore (July 27, 1998), Butler App. No. CA97-05-099, unreported. Thus, without these interrogatories, we cannot find that the jury's verdict as to medical expenses was against the manifest weight of the evidence. We further find that the record contains competent and credible evidence to support the jury's verdict. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 _____________ Wise, J.
Gwin, P.J., and Farmer, J., concur.